**RECEIVED**

**FEB 1 8 2011**

CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS, MONTANA

John Patrick McGuire
1407 Townview Ave Apt 213
Santa Rosa, California 95405
(707) 266 9023

007mcguire@gmail.com

# UNITED STATES DISTRICT COURT
## DISTRICCT F MONTANA
### BILLINGS DIVISON

**John Patrick McGuire**
**Plaintiff**

**Case No.**

**PETITION FOR WRIT OF REPLEVIN**

**V.**

**FEDERAL BUREAU OF INVESTIGATION**
**William Mercer**
**U.S. ATTORNEY**
**AUSA JAMES E. SEYKORA**
**Defendants**

---

### PETITION FOR WRIT OF REPLEVIN

---

Comes now petitioner John Patrick McGuire (hereinafter McGuire) with his petition for writ of

replevin for the return of his property seized on December 18, 1995 and on June 13, 1996, now

being held by the FBI who is trying to return said property, but AUSA James E. Seykora refuses

to release sid property.

## THE PROPERTY

On June 14, 1996 by order of the Honorable

James M. Burns a search warrant was issued for the Ryder truck, which contained McGuire's

hunting rifles and shotgun. Seized were the folllowing rifles, shotguns and pistols of McGuire's

as follows;

1. 300 cal. Wheatherby rifle with scope, serial No. P27841

2. 284 cal. Winchester rifle with scope, serial No. 77964

3.  223 cal. Colt AR-15 rifle, serial No. SP164963

4. 30-30 cal Buffalo Bill carbine, serial No. WC26531

5. 12 ga.Browing over and under shotgun, serial No. 63274

6. 30-30 cal Stevens rifle, serial No. none Model 325-C

7. `16 ga Stevens single shot shotgun,serial No. 107B

8. 22 cal antique single shot rifle, serial No. none

9. 22 cal. Long Rifle serial No. G689

10. 45 cal. Glock pistol serial No VH00US.

Pursuant to FRCrP Rule 41(e) McGuire respecctfully requests said rifles, shotguns, be returned to;

> Patrick Terrence McGuire
> 3981 Brookline Way
> Redwood City, California {94062}

On December 19, 1995 the Cheyenne Police Department seized a box of files containing 104- UCC-1s and UCC-4s, 40 floppy disks and an assortment of rubber inked stamps, one black keather briefcase, Private Investigators license, and International Driving Permit, belonging to McGuire, which were sent to the Grand Jury in Billings, Montana, along with various rubber stamps.. In addition to the following;

1. Book: The BANKERS HANDBOOK ON COMMERCIAL PAPER 5TH ED.
   BY Milton Schroder and Fredick Butel.

2. CD disk: ANDERSON ON THE UNIFORM COMMERCIAL CODE

On April 25, 1998 the honorable John C. Coughenour ruled the items seized by the Cheyenne Police Department on December 19, 1995 was without probable cause and prohibited their use as evidence at trial.

On June 8, 2010 FBI agent James S. McTighe issued his letter informing McGuire to file a claim for the return of his property, aas it had been determined that the evidence was no onger need. See Exhibit No. 1. McGuire timely responded with his request for the return of his property. McGuire has continuiously communicated with the FBI office staff person Linda, who now informs McGuire that AUSA James E. Seykora refuses to release the property.

The items mentioned above were not used in the commission of a federal offense. McGuire was not prohibited from owning or possessing firearms due to the 1985 expungement of the 1980 Kern county case against McGuire. See Title 18 USC 921(A).

The California Supreme Court in 1960 ruled once a conviction has been expunged no prosecution under Penal Code 12021 can take place....cite; **People v. Banks 52 Cal 2d. 370 (1960).**The Supreme Court ruled in....cite;..**Caron v. U.S. (1998) 524 US 308** without a restriction on firearms in the order of expungement there can be no prosecution under 18 USC 922(g)(1). The 9th Circuit in has ruled this same holding on...cite; **U.S. v. Herron** 45 F3d. 340 (9th Cir.1995); **U.S. v. Laskie 258 F.3d. 1047 (9th Cir. 2001); U.S. v. Valerio 441 F.3d.847 (9th Cir. 2006); U.S. v. Gallaher N0. 00-30068 ___ F.3d.___ )9th Cir.2001).** In 1986 I became a licensed Private Investigator, authorized to carry concealed weapons. The state of Connecticut did their due diligence and issued the license (See Exhibit #8 copy of P.I. license)...cite; **U.S. v. Tait 202 F.3d. 1293 (11th Cir.2000)** once licensed by the state to carry firearms one cannot be prosecuted under sec. 922(g)(1). Robinson was ineffective by not raising this defense.

## THERE WAS NO HOBBS ACT ROBBERY

Count 28 charges armed robbery to interfere with interstate commerce. ABC Primetime Associate Producer Allison Marie Sesnon and subcontractor camera crew had been ejected on six previous occasions and told "No Interviews", Justus Township was Posted "No Trespass". There was no plan or purpose to interfere with interstate commerce, it was in instantanious response to trespassers. ABC Primetime were acting as "Paparazzi" using trespass and stealth to steal my image and sound on videotape, without my consent, nor a warrant. Paparazzi activities are not an economic activity covered under the commerce clause....cite; **Turnbull v. American Broadcasting Company 2004 Dist LEXIS 24351.** To convict under Title 18 USC 1951(a) there must be a plan or purpose to interfere with interstate commerce.....cite; **Scheidler v. NOW 164 L.E d. 2d.10 (2006) and U.S. v. Yankowski 184 F.3d. 1071 (9th Cir. 1999). In...cite; U.S. v. Parkes 497 F.3d. 220,227 (2d. Cir. 2007)** "Proof that commerce was affected is critical since

federal jurisdiction on this crime rests on that interference. The conviction to rest upon jury determination that the defendant is guilty of every element of the crime with which he is charged beyond a reasonable doubt".... cite; **U.S. v. Gaudin 515 US 566, 569** "requires every element of the crime be proven". Robinson was ineffective for failing/refusing to research 18 USC 1951 and the required elements of the Hobbs Act. No evidence of interference was ever given to the jury, nor did the jury make any finding of interference with interstate commerce.

To convict under the Hobbs Act there must be violence. Exhibit 2802 clearly shows there was no violence.... cite; **U.S. v. Di Somma. 951 F.2d.494 (2d Cir, 1991).** See also....cite; **Fernandez-Ruiz v. Gonzales 466 F.3d. 1121, 1132 (9th Cir. 2006) (enbanc)** quoted in **Fenandez-Euiz v. Gonzales 468 F.3d. 1159, 1163 (9th Cir. 2006)** "under Local in order to "constitute a federal crime of violence" , an offense must involve the "intentional" use of force against the person or property. Exhibit 2802 clearly shows no use of force against the person or property. Exhibit 2802 clearly shows no use of force.

THERE WAS NO BANK FRAUD BY MCGUIRE

There is no federal jurisdiction over private financial instruments....cite; **California Bankers Association v. Schultz (1974) 416 US 21 n. 12-14.** On February 10, 1995 Norwest Bank merged. When a bank merges, it goes out of existence....cite; **U.S v. Philadelphia National bank (1963) 374 US 321.** Norwest Bank was not FDIC insured as Norwest, when I was in Montana from August 29, 1995 to December 4, 1995 (See Exhibit #5 letter from Fredrick L. Fisch senior FDIC attorney and FDIC webpage). Norwest President Bruce Parker and Vice President Laura Arnston committed perjury by omission by not testifying that Norwest Bank no longer existed due to the merger.

During trial to establish federal jurisdiction an unverified **"stale"** copy of a FDIC insurance certificate was introduced into evidence. However, it is dated 1983 (See Exhibit # 6 copy of

FDIC certificate). A stale FDIC certificate is insufficient to establish federal jurisdiction....cite; U.S. v. Chapel 41 F.3d. 1334 (9ᵗʰ 19940); U.S. v. Platenberg 657 F.2d. 797 (5ᵗʰ Cir. 1981); U.S. v. Shivley 715 F.2d. 260 (7ᵗʰ Cir.1983); U. S. v. Nukida 8 F.3d. 665 (9ᵗʰ Cir. 1992); U.S. v. James 987 F.2d. 648 (9ᵗʰ Cir. 1991); see also U.s. v. Ali 266 F.3d.1242, 1244 (9ᵗʰ Cir.2001); U.S. v. Spinner 180 F.3D. 514 (9ᵀᴴ Cir. 1999) and U. S. v, Robertson 115 S.Ct. 1732, 1733. Present tense testimony is insufficient when years have passed since the purported bank fraud. Robinson was ineffective for failing/refusing to research the FDIC status of Norwest Bank, and made no objection when the stale FDIC certificate was introduced into evidence. As a former AUSA Robinson knew that federal jurisdiction had not been established. It is essential that FDIC insurance be established to convict under 18 USC 1344...cite; U.S. v. Holloway 259 F.3d. 1199 (9ᵗʰ Cir.2001). There was no charge in the indictment that Norwest Bank was involved in interstate commerce....cite; U.S. v. Barone 71 F.3d. 1442, 1444 (9ᵗʰ Cir. 1995). Cite...U.S. v. Alexander 48 F.3d.1477 (9ᵗʰ Cir.1995) held; "that a certificate of insurance alone, that antedates the crime, does not adequately establish that the financial institution was (was) FDIC insured on the date of the charged offense occurred".

During trial, Norwest President Bruce Parker and Vice President Laura Arnston both testified that Norwest Bank was FDIC insured, present tense. They did not testify that on the purported time of the bank fraud Norwest was FDIC insured....cite; U.S. v. Allen 86 F.4d. 765,869 (9ᵗʰ Cir.1996).

The Comptroller Warrants/Certified Bankers checks issued by LeRoy Schweitzer were Bills exchange, authorized by the Bills of Exchange Act of 1882 and the Cheque Act of 1992 passed by the British Parliament and the Bills of Exchange Act of 1876 passed by Congress. The Federal Reserve Bank of San Francisco, California published a videotape stating "Federal

Reserve Notes" are Bills of Exchange, and also Montana Codes Annotated. Which do not

represent money on deposit in a bank account. I provided Robinson and the other defense counsel

with a copy of the videotape. It was not used in my defense.

I had no contact direct, nor indirect with anyone connected with Norwest. nor did I discuss

Norwest with anyone. I was the recipient of checks written by LeRoy Schweitzer. I endorsed the

checks "without recourse". Only one check was negotiated to L.L. Bean for $912 dollars. I was

never notified that the check was dishonored. I was indicted for mail fraud 18 USC 1341. Upon

being served with the indictment I mailed to L.L Bean my personal funds. Count 13 of the

indictment was dismissed after the first trial.

From reading the "Bankers Hanfbook" 5th Ed On Commercial Paper by Milton Schroeder and

Fredrick Butel, and the Uniform Commercial Code . I had a reasonable belief that Schweitzer's

Certified Bankers Checks were vailed. I had no intent to defraud Norwest Bank. Under the

holding in **Check** v. **United States** 488 US 192 (1991) one who holds an unreasonable belief

that his actions are within the law can not be convicted of violating a statute. Robinson

failed/refused to raise this defense, and was therefore ineffective.

## REQUEST NO BOND BE REQUIRED

McGuire respectfully requests that no bond be require, as the property is McGuire's and there are

no liens against said prperty.

## CONCLUSION

McGuire has raised the issues above by way of a FRCvP Rule 60(b) motion which this court

denied, ruling that FRCvP Rule 60(b) did not apply to a criminal case despite the fact that

FRCvP Rule 60(b) is regurly cited in criminal  appellate decisions. This court has labeled

McGire a vexatious litigant to block McGuire from obtaing appellate review despite the fact that

McGuire has not raised frivolous and meritless claims and McGuire has not filed 7 or more

lawsuits that have been found to be meritless.

Wherefore McGuire respectfully requests the writ issue and McGuire's property be returned

forthwth.

Dated: $9-14-11$

Respectfully presented.

John Patrick McGuire



**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

2929 3rd Avenue North, Suite 205
Billings, Montana 59101

June 8, 2010

John Patrick McQuire
1407 Townview Avenue #213
Santa Rosa CA   95405

RE:   Miscellaneous Documents

Dear Mr. McQuire:

On June 13, 1996, the Billings, Montana Resident Agency
(Billings RA) of the Federal Bureau of Investigation (FBI)
conducted a search of the property known as the Freeman Compound
near Brussett, Montana.  During the search, numerous documents
regarding the Freeman case, along with miscellaneous other
documents, were seized.  These items are in the custody of the
Billings RA but are no longer needed as evidence.

Several firearms as well as ammunition were also
seized.  Any firearms that could have been returned have been
returned.  It should be noted that persons with felony
convictions are not allowed to own or possess firearms.

As required by federal regulations, you are hereby
advised that you have thirty (30) days from the date postmarked
on this letter to claim the above-described property.  If the
property is not claimed by this date, title to the property will
vest in the United States pursuant to Title 41, Code of Federal
Regulations (C.F.R.), Section 128-48.102-1.

To claim the property, you must submit a written claim,
sworn under penalty of perjury, to the Federal Bureau of
Investigation, Attention Investigative Operations Analyst, 2929
3rd Avenue North, Suite 205, Billings, Montana 59101.  Pursuant
to 41 C.F.R. Section 128-48.503, the claim must include a
statement of facts and circumstances that justify granting the
claim.  Additionally, the claim must be supported by documentary
proof that you are the individual filing the claim.  This will be
the only notice you receive concerning this property.



1908 - 2008  *A Century of Fidelity, Bravery, and Integrity*

If you do not want the items listed to be returned to you, a "Relinquishment of Personal Property" is enclosed with this communication. Please complete the form and return it to the Billings RA at 2929 3rd Avenue North, Suite 205, Billings, MT 59101. Again, you have thirty (30) days from the postmark on this letter to claim the property.

Sincerely yours,
James S. McTighe
Special Agent in Charge

By:
Eric K. Barnhart
Senior Supervisory Resident Agent

2

# CERTIFICATE OF SERVICE

i, John Patrick McGuire hereby certify that I have served a true and correct copy of the following;

**PETITION FOR WRIT OF REPLEVIN**

.Which is deemed filed at the time it was placed the United States mail Box of the United States Postal Service, Houston v Lack 101 L.Ed.2d.245 (1988), upon the court, and partied to the litigation and or his/her attorney(s) of record by placing same in a sealed, postage prepaid envelope adressed to;

| | |
|---|---|
| .WILLIAM MERCER | PATRICK E. DUFFY |
| .U.S. ATTORNEY | CLERK OF COURT |
| .P.O.BOX 1478 | 316 N. 216TH ST |
| .Billings, Montana | BILLINGS, MONTANA 59101 |
| .59103 | |

.FEDERAL BUREAU OF INVESTIGATION
.2828 3d ave North  suite 205
.Billins, Montana 59101

.And deposited same in the United States mail box at Santa Rosa, California  on this 14th day of February 2011

John Patrick McGuire
The Secured Party CREDITOR