IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| JOHN PATRICK McGUIRE, | ) | Cause No. CV 11-17-BLG-RFC-CSO |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| WILLIAM MERCER; JAMES SEYKORA; FEDERAL BUREAU OF INVESTIGATION, | ) ) ) ) | |
| Defendants. | ) ) | |

On February 23, 2011, Plaintiff John Patrick McGuire filed a document titled "Petition for Writ of Replevin" and a motion to proceed in forma pauperis. He is on federal supervised release and is proceeding pro se. He seeks the return of property

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

that was seized by the Cheyenne Police Department in 1995.

Much of McGuire's pleading alleges that he did not commit a federal crime. But he was convicted of more than one federal crime, the criminal judgments are final, and he may not challenge any aspect of those judgments in this action. 28 U.S.C. § 2255 is the only vehicle McGuire may use to challenge those convictions. Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007); Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002); Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (per curiam) (applying Heck v. Humphrey, 512 U.S. 477, 486 (1994) ("civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments")); Am. Judgment (doc. 2487) at 1-2, United States v. Schweitzer, et al., No. CR 95-117-BLG-JCC (D. Mont. Mar. 24, 2008).

McGuire litigated his entitlement to property seized by law enforcement in the criminal action, when the time for doing so was appropriate. He was unsuccessful. On March 30, 2009, he filed a motion for return of seized property under Fed. R. Crim. P. 41(g) in the criminal case. Mot. (doc. 2500), Schweitzer, No. CR 95-117-BLG. Pursuant to controlling case law, the motion was recharacterized as a civil complaint and dismissed with prejudice as time-barred. McGuire v. United States, No. CV 09-46-BLG-DWM (D. Mont. judgment entered April 21, 2009). The Court of Appeals, which has a pre-filing injunction order against McGuire, found that his

appeal was "so insubstantial as to not warrant further review" and foreclosed it. Order at 1, In re John Patrick McGuire, No. 07-80055 (9th Cir. July 28, 2009).

Once again, McGuire seeks return of property seized by the Cheyenne Police Department on December 19, 1995. Compl. (doc. 2) at 3. On March 1, 2011, he was given an opportunity to clarify whether he sought any property beyond that listed in the Order. Order Requiring Clarification (doc. 3) at 2. On March 21, 2011, he requested and received an extension of time to respond to the Order until May 9, 2011. Mot. for Extension (doc. 4); Order (doc. 5). Despite this extension of time, McGuire has not responded.

The Court must conclude, therefore, that McGuire now seeks the same property he previously sought unsuccessfully in 2009. Compare Rule 41(g) Compl. (doc. 1) at 2, McGuire, No. CV 09-46-BLG, with Compl. (doc. 2) at 2-3, McGuire, No. CV 11-17-BLG. The statute of limitations has not changed. It is still six years, United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008); United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003), and it still expired on May 16, 2005. Order (doc. 2) at 2, McGuire, No. CV 09-46-BLG.

Regardless of how McGuire's most recent pleading is construed – whether it is appropriately recharacterized as a civil complaint or as a common-law writ – it is too late to obtain the return of property that was seized more than fifteen years ago.

This action is "wholly insubstantial and frivolous." Sarei v. Rio Tinto, PLC, 487 F.3d 1193, 1200 (9th Cir. 2007); Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). It should be dismissed with prejudice. Leave to proceed in forma pauperis should be denied. Because there is no conceivable legal basis for McGuire to go forward, any appeal from the District Court's decision could only be taken in bad faith.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. McGuire's motion to proceed in forma pauperis (doc. 1) should be DENIED and the Complaint (doc. 2) should be DISMISSED WITH PREJUDICE as frivolous.

2. The District Court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal of its disposition would be taken in bad faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole

or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>McGuire must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 7th day of June, 2011.

>/s/ *Carolyn S. Ostby*
> United States Magistrate Judge