FILED
BILLINGS DIV.
2011 SEP 16 AM 11 16
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JOHN PATRICK McGUIRE,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL COTTER; JAMES SEYKORA; FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendants | CV-11-17-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

On June 7, 2011, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendations in this case. Magistrate Judge Ostby recommends this Court (1) deny Plaintiff's Motion to proceed *in forma pauperis* (doc. 1) and (2) dismiss Plaintiff's Complaint with prejudice as frivolous. Plaintiff's

1

Complaint seeks the return of property that was seized by the Cheyenne Police Department in 1995.

Magistrate Judge Ostby further notes that the Plaintiff's arguments have been previously litigated in his criminal case as well as a subsequent civil case. In both prior cases, this Court and the Ninth Circuit Court of Appeals have ruled against him.[1]

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). The Court notes that Plaintiff's objections were filed on July 5, 2011, well after the 14 day deadline had passed. Moreover, in granting a previous request for extension of time, and McGuire was notified that further extensions would not be granted absent compelling reasons. Doc. 5. As such, this Court concludes that the objections were not timely filed and this Court need not consider the arguments raised by Plaintiff's objections. Failure to timely object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). Failure to object, however, does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

---

[1] See *United States v. Schweitzer, et al.*, CR 95-117-BLG-JCC; *McGuire v. United States*, CV 09-46-BLG-DWM; and *In re John Patrick McGuire*, No. 07-80055 (9th Cir. July 28, 2009).

2

The crux of Magistrate Ostby's Findings and Recommendations are that because this present action is a civil action for the return of property, the six year statute of limitations pursuant to 28 U.S.C. § 2401(a) applies. Under that statute, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." *Id.* Given that the Plaintiff was convicted of the crime that resulted in the seizure of his property by the Cheyenne Police Department on May 14, 1999, Magistrate Ostby correctly concluded that the statute of limitations for Plaintiff to seek recovery of his property ran by May 2005. Plaintiff's present action seeking the return of his property some fifteen years ago is time-barred.

Assuming *arguendo*, that Plaintiff's objections had been timely filed, his objections do not overcome the bar set by the statute of limitations. After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Finally, because the statute of limitations precludes any further recourse regarding the property at issue, this Court concurs with Magistrate Ostby's conclusion that any appeal from this Court's decision would be taken in bad faith.

Accordingly, **IT IS HEREBY ORDERED** that,

1. Plaintiff's Motion to proceed *in forma pauperis* (doc. 1) is **DENIED**;

3

2. Plaintiff's Complaint (doc. 2) is **DISMISSED WITH PREJUDICE**.

**Pursuant to Fed.R.App.P. 24(a)(4)(B), this Court certifies that any appeal of this Order would be taken in bad faith.**

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 16th day of September, 2011.

/s/ Richard F. Cebull
RICHARD F. CEBULL
CHIEF U.S. DISTRICT JUDGE